IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

**CYNTHIA M. FERGUSON**
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611 Benjamin Franklin Station
Washington, D.C.  20044-7611
Telephone: (202) 616-6560
Facsimile: (202) 514-4180
Email: cynthia.ferguson@usdoj.gov

WENDY J. OLSON, ISB No. 7634
United States Attorney
**AMY S. HOWE**, ISB No. 3385
Assistant United States Attorney
District of Idaho
800 Park Boulevard, Suite 600
Boise, ID 83712-9903
Telephone:  (208) 334-1211
Facsimile:  (208) 334-9375

Attorneys for the United States

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                                )<br>            Plaintiff,                              )<br>                                                                )<br>                                                                )    Civil Action No. _____<br>      v.                                                     )<br>                                                                )<br>                                                                )<br>GOODMAN OIL COMPANY, and  )<br>GOODMAN OIL COMPANY OF   )<br>   LEWISTON                                       )<br>                                                                )<br>            Defendants.                          )<br>_____)| |

## COMPLAINT

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency (EPA), alleges as follows:

## NATURE OF ACTION

1.  This is a civil action brought pursuant to Section 9006 of the Solid Waste Disposal Act, as amended by the Resources Conservation Recovery Act, the Hazardous and Solid Waste Amendments of 1984 and the Underground Storage Tank Compliance Act (RCRA), 42 U.S.C. § 6991e. This action seeks the assessment of civil penalties against Goodman Oil Company and Goodman Oil Company of Lewiston ("Defendants") for failure to pay administrative penalties required by a final EPA administrative order ("Final Order" or "Administrative Order") for past violations of RCRA's Underground Storage Tank ("UST") Program requirements established by Sections 9001-9014 of RCRA, 42 U.S.C. §§ 6991-6991m, and applicable implementing regulations for the UST program at various facilities owned and/or operated by Defendants in the State of Idaho.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355 and Section 9006 of RCRA, 42 U.S.C. § 6991e because the action arises under the laws of the United States; the United States is the plaintiff; and the action is brought in part to recover penalties incurred under an Act of Congress.

3.  Venue is proper in this district pursuant to Section 9006 of RCRA, 42 U.S.C. § 6991 e, 42 U.S.C. § 1319 and 28 U.S.C. § 1391 (b) and (c), because the events or omissions,

and facts and violations that give rise to the claims asserted in this action occurred within this District, the Defendants and the various facilities at issue are located in this District, and the Defendants reside and/or may be found and do business in this District.

## DEFENDANTS

4.      Defendant Goodman Oil Company is a corporation organized and existing under the laws of the State of Idaho, and has admitted such in Administrative Proceedings before EPA and the Administrative Law Judge ("ALJ").

5.      Defendant Goodman Oil Company of Lewiston is a corporation organized and existing under the laws of the State of Idaho, and has admitted such in Administrative Proceedings before EPA and the ALJ.  Goodman Oil Company of Lewiston is a wholly-owned subsidiary of Goodman Oil Company.

6.      Defendants Goodman Oil Company and Goodman Oil Company of Lewiston at times relevant to this action owned and/or operated various USTs and UST Systems subject to RCRA's UST Program, and its implementing regulations, EPA's Administrative Order and this action, and otherwise, in the State of Idaho.  Defendants have admitted such in the Administrative Proceedings before EPA and the ALJ.

7.      Each Defendant is a "person" within the meaning of 42 U.S.C. §§ 6903(15) and 6991(5), and 40 C.F.R § 280.12.  Each Defendant has admitted in Administrative Proceedings before EPA and the ALJ that it is a person within the meaning of 42 U.S.C. § 6991(5) and 40 C.F.R. § 280.12.

## STATUTORY AND REGULATORY FRAMEWORK

8.      Congress enacted the Solid Waste Disposal Act of 1970, as amended by the Resource Conservation and Recovery Act of 1976, 42 U.S.C. § 6901 *et seq*, (commonly referred

to as RCRA) to empower the federal government to regulate activities respecting solid and hazardous waste, and to address the public health, environmental, and safety problems arising from the generation, management, and disposal of solid and hazardous waste.

9. RCRA establishes a comprehensive federal program governing the generation, transportation, storage, treatment, and disposal of hazardous wastes, in order "to minimize the present and future threat to human health and the environment." *See* 42 U.S.C. 6902(b).

10. Congress enacted the Hazardous and Solid Waste Amendments of 1984, establishing, among other things, a comprehensive regulatory program under Subtitle I of RCRA for underground storage tanks used for storage of regulated substances. See Pub. L. No. 98-616, 98 Stat. 3221, Sec. 601, as amended by the Superfund Amendments and Reauthorization Act of 1986 (SARA), Pub. L. 99-499, 100 Stat 1613, Sec 205, and the Underground Storage Tank Compliance Act ("USTCA"), Pub. L. 109-58, 119 Stat 1092, Sec 1521, codified at 42 U.S.C. §§ 6991-6991m.

11. Subtitle I of RCRA directed EPA to develop and implement the new regulatory program for USTs containing regulated substances and releases of those substances to the environment to address the growing number of incidents of health and environmental damage caused by substances leaking from USTs. RCRA §§ 9001- 9014; 42 U.S.C. 6991-6991m, as amended by the SARA, Pub. L. 99-499, 100 Stat 1613, Sec 205 and USTCA, Pub. L. 109-58, 119 Stat 1092, Sec 1521.

12. Pursuant to Section 2002 and Subtitle I of RCRA (§§ 9001-9014), 42 U.S.C. §§ 6912; 6991-6991m, the Administrator of EPA promulgated regulations to implement the UST program. Those regulations are codified at 40 C.F.R. Parts 280 and 281.

Definitions

13. Congress defined key terms in Section 9001 of the Act 42 U.S.C. § 6991, and EPA has provided definitions of key terms in the implementing regulations at 40 C.F.R. Part 280 *(see, e.g.,* §§ 280.12 and 280.92), including the following terms:

a. "Owner" is defined as "any person who owns an [UST] used for the storage, use or dispensing of regulated substances," for USTs in use or brought into use on or after November 8, 1984. For USTs in use before November 8, 1984, but no longer in use on that date, "owner" is defined as "any person who owned such tank immediately before the discontinuation of its use." RCRA Section 9001(4), 42 U.S.C. § 6991(4); 40 C.F.R § 280.12.

b. "Operator" is defined as "any person in control of, or having responsibility for the daily operation of the [UST]." RCRA Section 9001(4), 42 U.S.C. § 699l (4); 40 C.F.R. § 280.12.

c. "Person" is defined in RCRA Section 9001(5), 42 U.S.C. § 6991(5), and incorporates the "same meaning of the term as provided in" RCRA Section 1004(15), 42 U.S.C. § 6903(15), "'except that such term includes a consortium, a joint venture, and a commercial entity, and the United States Government." The definition of "person" under RCRA Section § 1004(15) includes, among other things, an individual, trust, firm, joint stock company, corporation, partnership, and association.

Enforcement

14. RCRA authorizes a variety of means for the United States to enforce Subtitle I (Regulation of the USTs), including agency administrative proceedings to issue orders for compliance and penalties, and United States civil enforcement actions for appropriate relief. 42 U.S.C. § 6991e.

15. RCRA Section 9006(a)(1) authorizes the EPA Administrator to issue an order requiring compliance within a reasonable time period when the Administrator determines that a person is in violation of any requirement Subtitle I of RCRA, including 42 U.S.C. §§ 6991 *et seq*. and its implementing regulations.  42 U.S.C. § 6991e(a)(1).  Any order issued, after providing such person with an opportunity to be heard in the form of public hearing, shall state with reasonable specificity, the nature of the violation, specify a reasonable time for compliance, and assess a penalty, if any, determined reasonable by EPA, taking into account the seriousness of the violation and any good faith efforts to comply with the applicable requirements.  42 U.S.C. § 6991e(b) and (c).

16. Section 9006 of RCRA authorizes the United States to commence a civil action for appropriate relief, including a permanent or temporary injunction, and civil penalties when the Administrator determines that any person is in violation of any requirement of Subtitle I of RCRA, including the UST program, codified at 42 U.S.C. §§ 6991 to 6991m, and its implementing regulations.  42 U.S.C. §6991e.

17. Pursuant to RCRA Section 9006(d)(2), any owner or operator of any UST who fails to comply with, among other things, "any requirement or standard promulgated by the Administrator under [RCRA § 9003] shall be subject to a civil penalty not to exceed $10,000 for each tank for each day of violation occurring on or prior to January 30, 1997, and not to exceed $11,000 for each tank for each day of violation occurring after January 30, 1997 through January 12, 2009, and not to exceed $16,000 for each tank for each day of violation after January 12, 2009.  42 U.S.C. § 6991e(d)(2); the Federal Civil Penalties Inflation Adjustment Act of 1990, as amended, 28 U.S.C. § 2461 note, Pub. L. No. 101-410; the Debt Collection Improvement Act of 1996 ("DCIA"), 31 U.S.C. § 3701 note, Pub. L. No. 104-134, and the Civil Monetary Penalty

Inflation Adjustment Rules, codified at 40 C.F.R. Part 19, §§ 19.2 and 19.4; 61 Fed. Reg. 69,360 (December 31, 1996), 69 Fed. Reg. 7121 (February 13, 2004), and 73 Fed. Reg. 75340 (December 11, 2008).

18.     Pursuant to RCRA Section 9006(d)(1), any owner who fails to notify or submits false information pursuant to RCRA Section 9002(a), 42 U.S.C. § 6991a(a), shall be subject to a civil penalty not to exceed $10,000 for each tank for which notification is not given or false information is submitted for violations on or prior to January 30, 1997, and not to exceed $11,000 per day for each tank for violations occurring on or after January 30, 1997 through January 12, 2009, and not to exceed $16,000 for each tank for violations occurring after January 12, 2009, up to the date of judgment herein.  42 U.S.C. § 6991e(d)(1); the Federal Civil Penalties Inflation Adjustment Act of 1990, as amended, 28 U.S.C. § 2461 note, Pub. L. No. 101-410; the DCIA, 31 U.S.C. § 3701 note, Pub. L. No. 104-134; and the Civil Monetary Penalty Inflation Adjustment Rules, codified at 40 C.F.R. Part 19, §§ 19.2 and 19.4; 61 Fed. Reg. 69,360 (December 31, 1996), 69 Fed. Reg. 7121 (February 13, 2004), and 73 Fed. Reg. 75340 (December 11, 2008).

19.     Pursuant to RCRA Section 9006(a)(3), any violator who fails to comply with an order under Section 9006(a) within the time specified in the order shall be liable for a civil penalty of not more than $25,000 for each day of continued noncompliance occurring prior to January 30, 1997, and not more than $27,500 per day for each day of continued noncompliance occurring after January 30, 1997 through March 14, 2004, and not more than $32,500 per day for each day of continued noncompliance occurring after March 15, 2004 through January 12, 2009, and not more than $37,500 per day for each day of continued noncompliance occurring after January 12, 2009, up to the date of judgment herein.  42 U.S.C. § 6991e(a)(3); as amended by the

Federal Civil Penalties Inflation Adjustment Act of 1990, as amended, 28 U.S.C. § 2461 note, Pub. L. No. 101-410; the DCIA, 31 U.S.C. § 3701 note, Pub. L. No. 104-134; and the Civil Monetary Penalty Inflation Adjustment Rules, codified at 40 C.F.R. Part 19, §§ 19.2 and 19.4; 61 Fed. Reg. 69,360 (December 31, 1996), 69 Fed. Reg. 7121 (February 13, 2004), and 73 Fed. Reg. 75340 (December 11, 2008).

## FACTUAL BACKGROUND

Compliance/Enforcement History

20.     EPA Region 10 filed an administrative complaint and compliance order against Goodman Oil Company ("Goodman") on June 19, 2000, alleging that the company had violated the UST requirements of Subchapter IX of RCRA, and the UST regulations promulgated pursuant to RCRA found at 40 C.F.R. Part 280, at six facilities in the Boise, Idaho area and three facilities in Lewiston.  On April 4, 2001, the Region amended the complaint adding Goodman Oil Company of Lewiston ("Goodman Lewiston") as a respondent.  An administrative hearing was held in 2001.

21.     On January 30, 2003, Chief Administrative Law Judge ("ALJ") Susan Biro issued an Initial Decision ordering Goodman to pay a penalty of $105,716 and Goodman Lewiston to pay a penalty of $27,875.  In the decision, Chief ALJ Biro also ordered Goodman to correct numerous UST violations at the six facilities in the Boise area and required both Goodman and Goodman Lewiston to provide EPA with information concerning the status of the USTs at each of their facilities.  On April 10, 2003, Chief ALJ Biro restated these requirements in an order denying Goodman and Goodman Lewiston's motion to reopen the hearing.  Defendants did not appeal this decision.  Pursuant to 40 C.F.R. §§ 22.27(c), 22.28(b) and 22.31(b), the Initial Decision became final on May 30, 2003.

22. Penalty payments, as well as documentation of compliance with the injunctive relief provisions of the Final Order, were due on July 29, 2003. Between August 2003 and October 2009, Goodman and Goodman Lewiston satisfied the injunctive relief provisions of the Final Order by providing compliance documentation and/or permanently closing or selling the USTs at the six Boise area facilities and three Lewiston facilities.

23. The Final Order, among other things: (a) assessed civil penalties of $105,716 against Goodman and $27,875 against Goodman Lewiston for violations of RCRA and the UST programs (Counts 1-9, 13-22; 10-12, 27), Order at 62 ¶4, ¶5; (b) required full payment of civil penalties within 60 days of Order becoming final and provided for interest to be assessed on penalties not paid within the prescribed time period, Order at 62 ¶6 as modified by the April 10, 2003 Order Denying Motion to Reopen Hearing; and (c) ordered compliance with certain injunctive requirements under RCRA Section 9006, 42 U.S.C. § 6991e(a).

24. Defendants did not comply with any part of the Final Order by the date for compliance required under the Order, July 29, 2003.

25. On August 8, 2003, EPA sent a letter to John McCreedy, Counsel for Goodman and Goodman Lewiston, seeking compliance. That letter requested a response by August 18, 2003, concerning Defendants' intentions for compliance with the Order.

26. EPA received a letter dated August 22, 2003 from Defendants' Counsel, Mr. McCreedy, with documents attached, entitled "Response by Goodman Oil Company to Compliance Order." On September 8, 2003, EPA received a letter dated September 5, 2003, entitled "Response by Goodman Oil Company of Lewiston to Compliance Order." The response of each Defendant, Goodman and Goodman Lewiston, contained specific objections to the Order as unduly burdensome and did not comply with the requirements of the Order.

27.     Among other things, each response failed to include payment of the penalties required and did not fully and completely respond with the information and documents as required by the terms of the Order.

28.     On November 7, 2003, EPA sent a letter to Defendants' Counsel stating that EPA had reviewed his clients' responses to the Order and found them to be inadequate and provided a reminder that civil penalties may be assesses under RCRA for continued noncompliance.

<u>Noncompliance with the Order</u>

29.     Goodman and Goodman Lewiston have not complied with the requirements of the Order to pay the civil penalty which was due on or before July 29, 2003.  Order at 62, ¶ 6.

## CLAIMS FOR RELIEF

### Count 1:  Goodman's Violations of the Civil Penalty Provisions of the Order

30.     The United States realleges and incorporates Paragraphs 1 through 29 as if fully set forth herein.

31.     Defendants Goodman and Goodman Lewiston are each a person within the meaning of RCRA Section 9001(5), 42 U.S.C. § 6991(5).

32.     Pursuant to RCRA Section 9006, 42 U.S.C. § 6991e and the UST regulations, EPA issued a lawful Order to Defendants Goodman and Goodman Lewiston for each Defendants' failure to comply with requirements and standards promulgated by the Administrator under Section 6991b of RCRA.

33.     Defendants Goodman and Goodman Lewiston did not appeal the Order and it became final on May 30, 2003.

34.     The Final Order assessed an administrative civil penalty of $105,716 against Goodman, and required payment by Goodman within 60 days of the date that the Order became

final, on or before July 29, 2003. *See* Initial Decision at 62, as modified by ALJ Order Denying Motion to Reopen at 7. EPA determined the civil penalty after taking into account the seriousness of the violation and any good faith efforts to comply.

35. Defendant Goodman failed to comply with the Final Order's requirement to pay the administrative civil penalty.

36. Pursuant to Section 9006 (a)(3), 42 U.S.C. § 6991e (a)(3), Defendant Goodman is liable for civil penalties not to exceed $27,500 per day for noncompliance occurring after January 30, 1997 through March 15, 2004, and not to exceed $32,500 per day for each violation after March 15, 2004 through January 12, 2009, and $37,500 per day for each violation after January 12, 2009 [up to the date of compliance], pursuant to Section 9006(a)(3) of RCRA, 42 U.S.C. § 6991e(a)(3), as amended by 40 C.F.R. §§ 19.2,19.4 (implementing the Federal Civil Penalties Inflation Adjustment Act of 1990, as amended; 28 U.S.C. § 2461 note, Pub. L. No. 101-410; and the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701 note (Supp. IV 1998) (Pub. L. No. 104-134)).

**Count 2: Goodman Lewiston's Violations of the Civil Penalty Provisions of the Order**

37. The United States realleges and incorporates Paragraphs 1 though 36 as if fully set forth herein.

38. The Final Order assessed an administrative civil penalty of $27,875 against Defendant Goodman Lewiston, and required payment by Goodman Lewiston within sixty (60) days of the date that the Order became final, on or before July 29, 2003. *See* Initial Decision at 62, as modified by ALJ Order Denying Motion to Reopen at 7. EPA determined the civil penalty after taking into account the seriousness of the violation and any good faith efforts to comply.

39. Defendant Goodman Lewiston has failed to comply with the Final Order's requirement to pay the administrative civil penalty.

40. Pursuant to Section 9006(a)(3), 42 U.S.C. § 6991e (a)(3), Defendant Goodman Lewiston is liable for civil penalties not to exceed $27,500 for each day of continued noncompliance occurring after January 30, 1997 through March 15, 2004, and not to exceed $32,500 for each day of noncompliance occurring after March 15, 2004 through January 12, 2009, and not to exceed $37,500 for each day of continued noncompliance after January 12, 2009 [up to the date of compliance], pursuant to Section 9006(a)(3) of RCRA, 42 U.S.C. § 6991e(a)(3), as amended by 40 C.F.R. §§ 19.2,19.4 (implementing the Federal Civil Penalties Inflation Adjustment Act of 1990, as amended, 28 U.S.C. § 2461 note, Pub. L. No. 101-410; and the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701 note (Supp. IV 1998) (Pub. L. No. 104-134)).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that the Court Enter Judgment in favor of the United States and against the Defendants as follows:

A. Order the Goodman Oil Company to comply with the penalty provisions of the Order and pay immediately the $105,716 administrative penalty assessed under EPA's Administrative Order, plus interest that has accrued from the date due under the Administrative Order, July 29, 2003, to the date of final payment, plus noncompliance penalties of up to $27,500 to $37,500 per day of noncompliance;

B. Order the Goodman Oil Company of Lewiston to comply with the penalty provisions of the Order and pay immediately the $27,875 administrative penalty assessed under EPA's Administrative Order, plus interest that has accrued from the date due under the Administrative

Order, July 29, 2003, to the date of final payment, plus noncompliance penalties of $27,500 to $37,500 per day of noncompliance;

    C. Award the United States its costs and expenses of this action; and

    D. Grant such other and further relief as this Court deems just and proper.

                              Respectfully Submitted,

                              ELLEN M. MAHAN
                              Deputy Section Chief
                              Environmental Enforcement Section
                              Environment & Natural Resources Division
                              United States Department of Justice

                              */s/ Cynthia M. Ferguson*
                              CYNTHIA M. FERGUSON
                              Trial Attorney
                              Environmental Enforcement Section
                              Environment and Natural Resources Division
                              United States Department of Justice
                              P.O. Box 7611 Benjamin Franklin Station
                              Washington, D.C. 20044-7611
                              Telephone: (202) 616-6560
                              Facsimile: (202) 514-4180
                              Email: cynthia.ferguson@usdoj.gov

OF COUNSEL:

Deborah Hilsman
Assistant Regional Counsel
U. S. Environmental Protection Agency
Region 10
1200 Sixth Avenue
Seattle, Washington 98101

|     | WENDY J. OLSON |
|-----|----------------|
|     | UNITED STATES ATTORNEY |
| By: | /s/ |
|     | AMY SCHIPPER HOWE |
|     | Assistant U.S. Attorney |
|     | District of Idaho |
|     | 800 Park Boulevard, Suite 600 |
|     | Boise, ID 83712-9903 |
|     | Telephone: (208) 334-1211 |
|     | Facsimile: (208) 334-9375 |